MONROE, O. J.
It appears from the petition and return herein that plaintiff instituted a suit in the civil district court for damages for personal injuries to his wife, mother of his minor children, who subsequently died, against St. Charles Hotel Company, New Orleans Railway & Light Company, Consumers’ Electric Light & Power Company, Alfred S. Aruer Company, Limited, Cumberland Telephone & Telegraph Company, and city of New Orleans, which suit was allotted to division D; that exceptions of misjoinder and no cause of action were filed thereto, and that, pending their submission, the suit was discontinued; that plaintiff thereafter brought separate suits against thé defendants named; and that, the suit against relator and that against Consumers’ Electric Light & Power having been allotted, respectively, to divisions C and D, the judge of division C ordered the suit allotted to his division to be transferred to division D. Relator alleges that such transfer was unauthorized, prays that the order to that effect be annulled, the judge of division D prohibited from proceeding in the suit so transferred, and the same ordered to be tried in division C.
The injuries complained are alleged to have been sustained by reason of the tilting of the lid of a manhole in the banquette along the side of the St. Charles Hotel, from which various cables and electric light and telephone wires lead into the hotel and elsewhere, which tilting caused the lady to fall.
Article 1S4 of the Constitution of 1898, reads, in part, as follows:
“All eases after being filed in said civil district court shall be allotted, or assigned, among the judges thereof, and, except as herein otherwise provided, each judge, or his successor, shall have exclusive control over every case allotted or assigned to him, from its inception to its final determination in said court. In case of vacancy in the office, recusation, absence, or disability of a judge to whom a case has been allotted or assigned, or in case such action is deemed advisable in the proper administration of justice, or of the business of the court, such case may be reallotted or reassigned, or, without such reallotment or reassignment, but under rules to be adopted, it may be taken in charge by another judge of said court, and the judge to whom a case is thus reallotted or reassigned, or by whom it is thus taken in charge, shall be authorized to act therein for all purposes, as though such case had been originally allotted or assigned to him.”
It does not appear, in this instance, that there was any “vacancy in the office, recusation, absence, or disability” of the judge to whom the' case was allotted, or that its re-allotment or reassignment was deemed advisable, or that it was taken in charge by another judge, under any rule which had been adopted by the court, nor do we find any such connection between the present suit against the St. Charles Hotel Company and the suit against, the electric light and power company as to require that the two should be brought before the same tribunal. True, both suits are said to have arisen from the tilting of the same lid, but it does not follow that the two defendants thus named are connected with that phenomenon in the same way, character, or quality, if at all, or that the one is responsible for any fault of the other in connection therewith.
It is therefore adjudged that the order transferring the action in question to division D be annulled, the judge of that division prohibited from proceeding with the hearing thereof, and the case reinstated and tried in division C of the civil district court.
O’NIELL, X, dissents.